IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**STATE AGENCIES OF WEST VIRGINIA,**
**Employer Below, Petitioner**

FILED
**June 2, 2026**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**v.) No. 25-ICA-448**          (JCN: 2025005059)

**DANIEL JOHNSON,**
**Claimant Below, Respondent**

## MEMORANDUM DECISION

Petitioner State Agencies of West Virginia ("State Agencies") appeals the October 16, 2025, order of the Workers' Compensation Board of Review ("Board"). Respondent Daniel Johnson did not participate on appeal.[1] The issue on appeal is whether the Board erred in reversing the claim administrator's order which rejected the claim.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the Board's order is appropriate under Rule 21 of the West Virginia Rules of Appellate Procedure.

Mr. Johnson, an Inspector Supervisor for the West Virginia Department of Environmental Protection, completed an Employees' and Physicians' Report of Occupational Injury or Disease on January 24, 2025. Mr. Johnson indicated that he injured his right leg on January 23, 2025, when he exited a state truck to close a gate and slipped and fell on icy ground. The injury occurred on Mr. Johnson's property as he prepared to travel to another location in the course of his duties with State Agencies. Mr. Johnson indicated that the injury occurred shortly after he started work in the morning.

Nick Zervos, M.D., signed the physicians' portion of the form on January 29, 2025. Dr. Zervos indicated that he first treated Mr. Johnson on January 28, 2025. He advised Mr. Johnson to remain off work from January 28, 2025, to February 3, 2025. Specifically, Dr. Zervos indicated that Mr. Johnson's injured body part was the right ankle, which was a direct result of an occupational injury. Dr. Zervos stated that the injury did not aggravate a prior injury or disease and provided work restrictions for Mr. Johnson.

---

[1] State Agencies is represented by James W. Heslep, Esq. Mr. Johnson did not appear.

Cher Szerokman, a benefits coordinator at State Agencies, completed an undated First Report of Injury, and indicated that Mr. Johnson suffered an injury on January 23, 2025, after he exited a state truck to close a gate, slipped, and fell on ice. Ms. Szerokman described the injury as a fracture of the right lower leg. Mr. Johnson's accident occurred when he left home to travel to a jobsite. As he drove down his driveway and exited his vehicle to shut a gate, he fell on the ice. Ms. Szerokman stated that Mr. Johnson's wife witnessed the fall and drove him to the ER.

By order dated January 29, 2025, the claim administrator rejected Mr. Johnsons' claim on the basis that the disability he complained of was not due to an injury or disease received in the course of employment. Rather, the claim administrator determined that Mr. Johnson's slip and fall on the ice while closing the gate at his home was not within the course/scope of employment. Thus, the claim administrator concluded that Mr. Johnson's injury did not result from his employment. Mr. Johnson protested this order.

In correspondence to the Board dated February 13, 2025, Mr. Johnson stated that the denial of his claim was based on the fact that he fell while closing a gate as he was leaving his property, and the claim administrator found that this act was not within the course/scope of his work. However, Mr. Johnson alleged that as a field-based employee, his work begins when he leaves home and drives to a mine site or other location in the course of his duties. Mr. Johnson indicated that his "on the clock" time begins as soon as he starts his state vehicle and drives away.

By order dated October 16, 2025, the Board reversed the claim administrator's order, which rejected the claim. The Board found that in weighing the evidence presented in the claim, including Mr. Johnson's statement, the employer's report, and the WC-1 form, it is more likely than not that Mr. Johnson was in the course of his employment at the time of the injury when he exited his work vehicle, slipped on the ice, and fell. State Agencies now appeals the Board's order.

Our standard of review is set forth in West Virginia Code § 23-5-12a(b) (2022), in part, as follows:

> The Intermediate Court of Appeals may affirm the order or decision of the Workers' Compensation Board of Review or remand the case for further proceedings. It shall reverse, vacate, or modify the order or decision of the Workers' Compensation Board of Review, if the substantial rights of the petitioner or petitioners have been prejudiced because the Board of Review's findings are:
>
> (1) In violation of statutory provisions;
> (2) In excess of the statutory authority or jurisdiction of the Board of Review;
> (3) Made upon unlawful procedures;

(4) Affected by other error of law;
(5) Clearly wrong in view of the reliable, probative, and substantial evidence on the whole record; or
(6) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion.

Syl. Pt. 2, *Duff v. Kanawha Cnty. Comm'n*, 250 W. Va. 510, 905 S.E.2d 528 (2024).

On appeal, State Agencies argue that the facts of this case do not establish that Mr. Johnson sustained an injury in the course of and resulting from his employment. Further, Stage Agencies aver that Mr. Johnson faced no increased risk from his employment. We disagree.

In order for a workers' compensation claim to be compensable, three elements must coexist: (1) a personal injury, (2) received in the course of employment, and (3) resulting from that employment. Syl. Pt. 1, *Barnett v. State Workmen's Comp. Comm'r*, 153 W. Va. 796, 172 S.E.2d 698 (1970). "Workmen's compensation law generally recognizes that an employee is entitled to compensation for an injury received while traveling on behalf of [the] employer's business." Syl. Pt. 1, *Calloway v. State Workmen's Comp. Comm'r*, 165 W. Va. 432, 268 S.E.2d 132 (1980). Further, the Supreme Court of Appeals of West Virginia ("SCAWV") held that "if employees are required, as a condition of their employment, to routinely journey from place to place, then injuries incurred by those employees while traveling are compensable." *Williby v. W. Va. Off. of Ins. Comm'r*, 224 W. Va. 358, 363, 686 S.E.2d 9, 14 (2009).

Here, the Board found that Mr. Johnson established that he injured his right lower leg in the course of and as a result of his employment on January 23, 2025. Further, the Board concluded that Mr. Johnson's description of his injury on the WC-1 form was confirmed by the employer's report, which stated that he drove down his driveway, exited his state vehicle to shut the driveway gate, and fell on the ice. The Board compared the facts of the instant case to those in *Murphy v. Eastern Arrow Corporation, Inc.*, No. 12-0605, 2014 WL 211982 (W. Va. Jan. 16, 2014) (memorandum decision), in which the claimant routinely traveled between the employer's jobsites to perform his employment duties, and the SCAWV found that traveling was within the claimant's zone of employment. Because Mr. Johnson worked from home and traveled to other jobsites in a work vehicle as part of his job duties, the Board concluded that the right leg injury occurred in the course of and resulting from his employment.

State Agencies asserts that the Board improperly applied *Hood v. Lincare Holdings, Inc.*, 249 W. Va. 108, 894 S.E.2d 890 (2023), and that Mr. Johnson's employment did not place him at an increased risk of injury. We disagree. The Board distinguished the facts of the instant case from *Hood*, in which the claimant did not trip or fall, and his knee simply buckled. The Board found that Mr. Johnson's claim is more similar to the facts of *American*

*Medical Facilities v. Parsons*, No. 19-1174, 2021 WL 1595434 (W. Va. Apr. 23, 2021) (memorandum decision), in which the claimant slipped and fell while walking to an employer break room. In *Parsons*, the Court held that the claimant's injury was within the scope of her employment when she slipped and fell while walking to the employer's breakroom for a lunch break. Here, the Board found that Mr. Johnson routinely traveled from his home, where he worked remotely, to various jobsites as part of his job duties, and he drove a state work vehicle. Further, the Board noted that Mr. Johnson suffered an injury when he stepped out of the vehicle and slipped on the ice. Thus, the Board made a factual determination that the risks Mr. Johnson faced were directly associated with his employment, whereas the claimant in *Hood* was engaged in a neutral risk activity. We will defer to the Board's weighing of the evidence.

Upon review, we cannot conclude that the Board was clearly wrong in finding that Mr. Johnson established that he injured his right lower leg in the course of and resulting from his employment on January 23, 2025. As the SCAWV has set forth, "[t]he 'clearly wrong' and the 'arbitrary and capricious' standards of review are deferential ones, which presume an agency's actions are valid as long as the decision is supported by substantial evidence or by a rational basis." Sy. Pt. 3, *In re Queen*, 196 W. Va. 442, 473 S.E.2d 483 (1996). With this deferential standard of review in mind, we cannot conclude that the Board was clearly wrong in reversing the claim administrator's order which rejected the claim.

Accordingly, we affirm the Board's October 16, 2025, order.

Affirmed.

**ISSUED:** June 2, 2026

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Charles O. Lorensen
Judge S. Ryan White

4